(November 30, 2010)

MICHAEL KLUSSMAN et al., Respondents, v A.T. REYNOLDS & SONS, INC., et al., Appellants and WILLIAMS REAL ESTATE AND MANAGEMENT LLC et al., Respondents. [911 NYS2d 353]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 29, 2009, which, to the extent appealed from, denied the motion of defendants A.T. Reynolds & Sons, Inc. and Leisure Time Spring Water, Inc. (collectively Leisure Time) for

summary judgment dismissing the complaint as against them and granted the motion by defendants the Cure Connections, Inc., sued herein as the Cure Connection, Inc., and Aradco Limited for summary judgment dismissing the complaint as against them, unanimously modified, on the law, Leisure Time's motion granted and the complaint dismissed as against it, and as so modified, affirmed, without costs.

Plaintiff Michael Klussman, a tractor-trailer driver, was injured while off-loading a rack of 40 five-gallon plastic bottles of water from the rear of his trailer to the loading dock of a building. Leisure Time, the distributor of the water, arranged for the delivery to Cure Connections, an occupant of the building. Klussman was not on Leisure Time's payroll but Leisure Time owned the rig Klussman used at the time of the accident. Assisted by Cure Connections' employee, Schlaff, Klussman had successfully unloaded three similarly loaded racks of water before he was injured while unloading the fourth rack. The equipment Klussman used in unloading the first three racks consisted of a manual pallet jack that was furnished by Leisure Time and a loading ramp that Klussman found at the dock. Unloading the first three racks was difficult because the floor of the trailer was 18 inches higher than the loading dock. Adding to the difficulty, the loading ramp was relatively short, creating a steep angle of descent from the trailer to the loading dock. After the third rack was unloaded, Klussman discovered that Leisure Time's pallet jack was damaged. Klussman then replaced that pallet jack with another one owned by Cure Connections.

For the fourth rack of water, Klussman and Schlaff decided to employ a new tactic described as follows in Klussman's affidavit: "Given the serious problems we were having with the first three loads of water, Schlaff and I discussed a new way to unload the fourth rack of water. We would come straight off the ramp faster than the last time without turning left or right, and then I would release the pallet jack's handle and hydraulic pressure dropping the load and stopping it from moving. The idea was to descend the ramp, stop on the dock, and make a sharp 90-degree turn with the load from a stopped position rather than moving to keep it from tipping over." When Klussman squeezed the pallet jack handle, however, the load did not stop moving. Instead, its momentum pushed him backwards and pinned his leg against a beam attached to the wall of the loading dock.

Leisure Time moved for summary judgment on the grounds that (a) Klussman was its special employee and thus barred from maintaining this negligence action against it by the

exclusivity provisions of the Workers' Compensation Law and (b) the accident was not caused by any defective equipment furnished by Leisure Time. The motion court denied Leisure Time's motion, finding an issue of fact as to each asserted ground. We now reverse.

The motion court correctly concluded that there is an issue of fact as to whether Klussman was Leisure Time's special employee. There is, however, no issue of fact as to whether Leisure Time owed Klussman a duty of care to provide him with adequate equipment or a different truck for the task of unloading the water. First, Leisure Time has demonstrated that the accident was proximately caused by the manner in which Klussman chose to off-load the fourth rack of water as opposed to a failure to provide him with adequate equipment or a different truck. By Klussman's own estimate, each loaded rack weighed approximately one ton. Instead of off-loading the fourth rack in the same manner by which he thrice avoided injury, Klussman decided to move the massive load down the incline at a *faster* rate of speed. Klussman's explanation of the accident is that "when I came out of the ramp straight the brake didn't come on or didn't come on fast enough and pinned me against the wall." As a matter of law, the accident could not have been proximately caused by any act or omission on part of Leisure Time. It is also significant that Leisure Time did not furnish the pallet jack or the ramp used by Klussman at the time of the accident. Thus, any failure of the equipment used by Klussman could not have been caused by Leisure Time's negligence. For the foregoing reasons, Leisure Time's motion for summary judgment should have been granted. Concur—Gonzalez, P.J., DeGrasse, Freedman, Manzanet-Daniels and Román, JJ. ■